**Flavia Margarita MORAN TAPIA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–75192.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007.[*]

Filed June 12, 2007.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Flavia Margarita Moran Tapia, Ontario, CA, pro se.

Mayte Berenice Ramirez Moran, Ontario, CA, pro se.

Jonathan Ramirez Moran, Ontario, CA, pro se.

Jesus Ramirez Moran, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioners' applications for cancellation of removal.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

■ We have reviewed the response to the court's March 15, 2007 order to show cause, and we conclude that petitioner Flavia Margarita Moran Tapia, A97–361–235, has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, the court *sua sponte* dismisses this petition for review for lack of jurisdiction with respect to petitioner Moran Tapia. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002).

■ A review of the administrative record demonstrates that petitioners Mayte Berenice Ramirez Moran, A97–361–236, Jesus Ramirez Moran, A97–361–237, and Jonathan Ramirez Moran, A97–361–238, presented no evidence that they had a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D) at the time of their re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval proceedings. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, these petitioners were ineligible for cancellation of removal. Accordingly, summary disposition is appropriate with respect to petitioners Mayte Berenice Ramirez Moran, Jesus Ramirez Moran, and Jonathan Ramirez Moran because the questions raised as to them are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**DISMISSED in part, DENIED in part.**